# UNITED STATES CIRCUIT COURT.

## THE MERCHANTS' NATIONAL BANK of Lowell, Mass. agt. CHARLES LELAND and others.

Upon a suit brought in a court of the United States, upon an undertaking given in an acti)n in a state court, conditioned to pay the judgment if a motion for a new tria[1] is denied, if it appears that the undertaking was merely an additional security for the payment of the judgment, and that the defendant has appealed from the ordei denying a new trial and that the state court has upon motion stayed proceedings upon the judgment pending the appeal, the defendants can, by an auxilliary suit in equity, obtain a stay of all proceedings upon any judgment that the plaintiff may recover in a suit on the undertaking pending the appeal in the state court.

*Southern District of New York.*

ACTION on an undertaking given by the defendants to the plaintiff, to stay proceedings pending a motion for a new trial, in an action wherein the plaintiff had recovered judgment against two of the defendants, in a state court.

The condition of the undertaking, was to pay the judgment if the motion for a new trial was denied. It was given pursuant an order of the court, requiring it as a condition of granting a stay of proceedings on the judgment.

The motion for a new trial having been denied, the defendants in that case appealed to the general term and the court upon motion, and after a hearing, ordered a stay of proceedings on the judgment pending the appeal, provided the defendants gave a bond or undertaking of the same general character as required upon appeals from judgments. The defendants gave the undertaking required.

The plaintiff having commenced this action and entered a rule that defendants plead, the defendants now moved to stay proceedings in this action pending the appeal in the state court.

FRANCIS C. BARLOW, *for plaintiffs.*
WILLIAM G. CHOATE and JOHN FITCH, *for defendants.*

BLATCHFORD, J. The several stays of proceedings granted by the state court, by the orders of May 11, 1868, May 30, 1868, and January 21, 1869, are, in effect, nothing more than stays of the collection by execution of the judgment recovered in the state court.

If it were quite clear that the undertaking of May 29, 1868, was merely an additional security for the payment of the judgment, the mode of giving the defendants in this suit relief by staying the plaintiff's proceedings herein, by an order made on a motion to that end, would be objectionable as concluding the plaintiff's rights without his having any means of review. But I regard it as by no means certain, that the undertaking, given as it was, and as is stated on its face, for the purpose of obtaining a stay of execution on the judgment, until the motion for a new trial in the suit could be heard and decided, and in consideration of such stay and being an absolute undertaking to pay this amount directed to be paid by the judgment, if such motion for a new trial should be denied, is not one which the plaintiff in this suit are entitled to enforce at once, without regard to the appeal from the judment. That question, and the question whether this court has any right to interpolate into the undertaking any other condition than the one expressed in it, or which to make it operative, namely: that the motion for a new trial should be denied or dismissed, ought in view of the fact that the motion for a new trial was denied and that the defendants in the judgment had the benefit of a stay in execution therein, while such motion was pending, to be raised and disposed of in a plenary suit. A suit brought on the equity side of this court by the defendants in the suit against the plaintiff therein, to restrain or regulate this suit and thereby prevent injustice, would not be an original suit, but would only be auxiliary and supplementary

to and dependent on this suit and would be maintainable without reference to the citizenship or residence of the parties to it; and process iu it could be served on the plaintiff in this suit out of this district. (*Dunn* agt. *Clark*, 8 *Peters*, 1; *Clark* agt. *Matthewson*, 12 *Peters*, 169, 172; *Freeman* agt. *Howe*, 24 *How.*, 451, 460; *St. Luke's Hospital* agt. *Barclay*; 3 *Blakeley*, *C. C. Rep.*, 259; *Logan* agt. *Patrick*, 5 *Cranch*, 280; *Dunlap* agt. *Stetson*, 14 *Mason*, 349, 360.)

As the amount of the judgment obtained in this court and collection of which is sought to be restrained is $5,301.23, either party to such equity suit, could obtain the judgment the of the highest court in the question involved. I think the proper disposition to be made of the present motion is to direct a stay of all proceedings in this suit to collect on execution any judgment which the plaintiff may obtain herein, on condition that the defendants herein institute within thirty days herefrom such an equity suit as is above suggested.

I do not feel disposed to interfere with the right of the plaintiffs to proceed to obtain a judgment in this suit if they are entitled to one as against any legal defence which may be interposed, leaving the questions which were raised and discussed on the motion to be disposed of in the equity suit to be brought.